# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14-cv-186-FDW

| | |
|---|---|
| DAMON DEMOND STAFFORD, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| FNU MURRAY, et al., ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Defendant David Guinn's Motion to Dismiss for Failure to State a Claim, (Doc. No. 35); Defendant Lane Huneycutt's Motion for Summary Judgment for Failure to Exhaust, (Doc. No. 43); Defendant Lane Huneycutt's Motion for Protective Order, (Doc. No. 50); and Plaintiff's Motion for Extension of Time to Respond, (Doc. No. 51).

## I.   BACKGROUND

Pro se Plaintiff Damon Demond Stafford, a North Carolina prisoner currently incarcerated at Scotland Correctional Institution, filed this action on November 17, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution based on alleged excessive force and deliberate indifference to serious medical needs while Plaintiff was incarcerated at Alexander Correctional Institution ("Alexander"). In his Complaint, Plaintiff named as Defendants (1) FNU Murray, identified as a segregation sergeant at Alexander; (2) FNU Copeland, identified as a segregation correctional officer at Alexander; (3)

-1-

FNU Quigley, identified as a transportation correctional officer at Alexander; (4) FNU Huneycutt, identified as a captain at Alexander; and (5) David Guinn, identified as a nurse practitioner at Alexander. Plaintiff purports to bring a claim of excessive force against Defendants Murray, Copeland, and Quigley, based on an incident allegedly occurring on July 30, 2014, while Plaintiff was incarcerated at Alexander Correctional Institution, and he brings a claim of deliberate indifference against Defendants Huneycutt and Guinn based on alleged failure to ensure that proper medical treatment was provided to Plaintiff after the alleged excessive force incident.

On December 15, 2014, Plaintiff signed and submitted a "Verified Statement" addressing his exhaustion of administrative remedies, indicating that Plaintiff had exhausted his administrative remedies, and Plaintiff referred the Court to certain grievance forms attached to his Complaint. (Doc. No. 6). On May 7, 2015, the Court conducted a frivolity review, finding that Plaintiff's Eighth Amendment claim against Defendants Quigley, Copeland, and Murray based on alleged excessive force survived initial review in that it was not clearly frivolous. (Doc. No. 8). The Court noted, however, that it did "not appear that Plaintiff has exhausted his administrative remedies with regard to his claims of deliberate indifference to serious medical needs" against Defendants Guinn and Huneycutt. (Id. at 6). The Court granted Plaintiff twenty days to "submit a statement to the Court addressing whether he filed any grievances specifically addressing the deliberate indifference claim he purports to raise in this action." (Id. at 7).

On May 13, 2015, Plaintiff filed a motion for leave to file amended complaint along with a proposed amended complaint. (Doc. Nos. 9; 9-1). In his motion for leave to file an amended complaint, Plaintiff stated that "he has obtained the final responses to the final 2 grievances filed

in connection, they were submitted before the filing of suit and needs to be added to the record." (Doc. No. 9 at 1). Plaintiff's attachments show that on October 13, 2014, Plaintiff submitted Unit Grievance No. 4870-S-14-321, which was directed to his deliberate indifference claim. The prison's Step Two Response to that grievance was dated December 4, 2014. Plaintiff appealed the Step Two Response. (Doc. No. 9-3 at 2). Plaintiff's appeal was denied at Step Three by the Inmate Grievance Resolution Board on December 31, 2014.[1] (Doc. No. 9-4 at 2).

On June 1, 2015, the Court entered an Order noting that the Step Two and Step Three responses submitted by Plaintiff "show that Plaintiff did not grieve his deliberate indifference claim through all steps of the grievance process before filing this lawsuit on November 17, 2014." (Doc. No. 11 at 3). That is, Plaintiff's own filings showed conclusively that Plaintiff's deliberate indifference claim was not exhausted until December 2014, despite that Plaintiff filed this action in November 2014. The Court concluded that it appeared that "Plaintiff did not exhaust his administrative remedies as to his deliberate indifference claim before filing this lawsuit," but the Court decided not to "dismiss the deliberate indifference claim for failure to exhaust at this time." (Id. at 4). Rather, the Court noted that it would allow Defendants Guinn

---

[1] Plaintiff also attached to his Amended Complaint two documents relating to a rejected grievance, Grievance No. 4870-S-15-063, in which Plaintiff complained about prison officials' failure to provide him with proper medical treatment after the alleged excessive force incident. (Doc. No. 9-5). Grievance No. 4870-S-15-063 was originally received at Alexander on October 20, 2014, seven days after Plaintiff submitted Grievance No. 4870-S-14-321, and before Grievance No. 4870-S-14-321 completed step two review. Id. Grievance No. 4870-S-15-063 was returned to Plaintiff on October 23, 2014, with the instruction that it "can only be accepted when your current grievance completes step two." (Doc. No. 9-5 at 2-3). See NCDPS ARP § .0304(b) (an inmate may not submit a new grievance before a pending grievance has completed step two review). Grievance No. 4870-S-14-321 completed step two review on November 25, 2014. (Doc. No. 9-3 at 2). Plaintiff resubmitted Grievance No. 4870-S-15-063 on February 17, 2015, and it was rejected because it was submitted 90 days after the alleged incident giving rise to Plaintiff's deliberate indifference claim.

and Huneycutt to "raise exhaustion as an affirmative defense in their response to Plaintiff's First Amended Complaint." (Id.).

Defendant Guinn filed the pending motion to dismiss on August 24, 2015. Defendant Guinn moves to dismiss Plaintiff's claims against him on the following grounds: (1) Plaintiff failed to exhaust his administrative remedies relating to Plaintiff's claim for deliberate indifference to a serious medical need against Defendant Guinn before bringing this action; (2) Plaintiff failed to state a cognizable § 1983 claim for deliberate indifference to a serious medical need against Defendant Guinn; (3) Plaintiff's claim for declaratory relief is moot; (4) the allegations contained in Plaintiff's Amended Complaint do not support an award of punitive damages; and (5) Defendant Guinn is entitled to qualified immunity. On September 21, 2015, Defendant Huneycutt filed his own summary judgment motion, in which he incorporates the arguments made in Defendant Guinn's motion to dismiss. Defendant Huneycutt also contends in his summary judgment motion that Plaintiff failed to exhaust the deliberate indifference claim as to Huneycutt before filing this action.

**II.     STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in

cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524). "Consequently, a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his remedies during the course of litigation; exhaustion must occur before the filing of the lawsuit, or the case must be dismissed." Woodward v. Daughtery, 845 F. Supp. 2d 681, 684 (W.D.N.C. 2012)). See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (The PLRA requires that "prisoners . . . exhaust such administrative remedies as are available prior to filing suit in federal court.") (internal quotations omitted); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) (noting that a prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while litigating is pending); Green v. Rubenstein, 644 F. Supp. 2d 723, 743 (S.D. W. Va. 2009) ("The plain language of the [PLRA] makes exhaustion a precondition to filing an action in federal Court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.") (quoting Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

## III. DISCUSSION

In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure). As noted above, by Plaintiff's own statements and attachments, he did not proceed through all three steps of the grievance process as to his deliberate indifference claim against Defendants Guinn and Huneycutt before filing this action. See (Doc. Nos. 9; 9-2; 9-3; 9-4; 10). Furthermore, in support of the motion to dismiss, Defendant Guinn has attached an affidavit submitted by North Carolina Inmate Grievance Resolution Board Executive Director Finesse Couch, in which Couch sets forth the grievances submitted by Plaintiff between July 30, 2014, and November 15, 2014. Couch's affidavit confirms that Plaintiff did not exhaust his deliberate indifference claim before filing this action. See (Doc. No. 37-1: Couch Aff.). Plaintiff exhausted his administrative remedies as to this claim only after filing this action. As the Court noted, supra, however, it is well established that a prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action. Ha v. Smith, No. 5:10-CT-3070-FL, 2011 WL 2173630, at *2 (E.D.N.C. June 2, 2011) (dismissing § 1983 action for failure to exhaust where the prisoner plaintiff completed step three of the administrative remedies process after he filed his complaint); Harris v. Midford, No. 1:10-cv-263, 2011 WL 1601446, at *2 (W.D.N.C. Apr. 27, 2011) (dismissing a § 1983 action where the prisoner plaintiff conceded in a verified statement that he did not exhaust administrative remedies before bringing his claim); see also Cannon, 418 F.3d at 719 (noting that the "exhaustion requirement is designed to alert prison officials to perceived problems and to enable them to take corrective action without first incurring the hassle and

expense of litigation. . . . Permitting a prisoner to sue first and then ask the prison to address issues that are now the subject of pending litigation defeats the purpose of the PLRA's exhaustion requirement.").

In response to Defendants' motion to dismiss the deliberate indifference claim based on failure to exhaust, Plaintiff now contends, for the first time, that he submitted a grievance as to the deliberate indifference claim on July 31, 2014, but that the grievance was never processed or returned to him. (Doc. No. 54 at 1). Plaintiff claims that the grievance "gave a detailed report of all that transpired on 7-30-14 from the code blue to Defendants Huneycutt and Guinn sending me back to my cell without any medical attention at all." (Id.). About three days later, Plaintiff submitted Grievance No. 4870-S-14-247, which detailed the alleged excessive force incident. Plaintiff attaches multiple exhibits in which he complains to prison administrators about the length of time grievance 4870-S-14-247 was pending. However, Plaintiff provides no evidentiary support for this new claim that he filed a previous grievance outlining all of the deliberate indifference claims that grievance 4870-S-14-247 fails to contain. Plaintiff has only now, for the first time, raised the issue of this disappearing grievance. Plaintiff cannot provide conflicting statements in order to survive a summary judgment motion, nor can he rely on an incredible conjecture that is contradicted by his own record of failing to ever mention a grievance that was filed before grievance 4870-S-14-247, in which he detailed the excessive force incident. Additionally, Plaintiff's own failure to follow the rules of the grievance process cannot serve as the basis for the argument that the administrative remedy process was somehow "unavailable" to him.

In sum, for the reasons stated herein, the Court finds that Plaintiff's deliberate

indifference claim must be dismissed for failure to exhaust administrative remedies. Finally, the Court also finds that, to the extent that Plaintiff seeks injunctive and/or declaratory relief in this action, those claims are moot because he has been transferred away from Alexander Correctional Institution where the alleged excessive force and deliberate indifference occurred.[2] See Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

## IV. CONCLUSION

Plaintiff's deliberate indifference claim is dismissed without prejudice for failure to exhaust administrative remedies as to this claim before filing this action. Thus, Defendants Guinn and Huneycutt are dismissed from this action. Furthermore, to the extent that Plaintiff seeks injunctive and/or declaratory relief in this action, those claims are moot.

**IT IS THEREFORE ORDERED** that:

(1) Defendant David Guinn's Motion to Dismiss for Failure to State a Claim, (Doc. No. 35), and Defendant Lane Huneycutt's Motion for Summary Judgment for Failure to Exhaust, (Doc. No. 43), are **GRANTED** to the extent that Plaintiff's deliberate indifference claim against these Defendants is dismissed without prejudice for failure to exhaust, and Defendants Guinn and Huneycutt are hereby dismissed from this action. Furthermore, to the extent that Plaintiff seeks injunctive and/or declaratory relief in this action, those claims are moot.

(2) Defendant Huneycutt's Motion for Protective Order, (Doc. No. 50), is **DISMISSED** as moot.

---

[2] The Court will reserve judgment on the issue of whether Plaintiff properly pled a claim for punitive damages as to the remaining Defendants.

(3) Plaintiff's Motion for Extension of Time to Respond, (Doc. No. 51), is **GRANTED** nunc pro tunc.

Signed: November 2, 2015

Frank D. Whitney
Chief United States District Judge