UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-186-FDW

| | |
|---|---|
| DAMON DEMOND STAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU MURRAY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery, (Doc. No. 61), and on Plaintiff's Motion for Extension of Time to File Response/Reply re Motion to Compel. (Doc. No. 72).

Pro se Plaintiff Damon Stafford, a North Carolina prisoner currently incarcerated at Warren Correctional Institution, filed this action on November 17, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff alleged that Defendants violated his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution based on alleged excessive force and deliberate indifference to serious medical needs while Plaintiff was incarcerated at Alexander Correctional Institution ("Alexander"). In his Complaint, Plaintiff named as Defendants (1) FNU Murray, identified as a segregation sergeant at Alexander; (2) FNU Copeland, identified as a segregation correctional officer at Alexander; (3) FNU Quigley, identified as a transportation correctional officer at Alexander; (4) FNU Huneycutt, identified as a captain at Alexander; and (5) David Guinn, identified as a nurse practitioner at Alexander.

On May 7, 2015, this Court found that the action survived initial review as to Plaintiff's

1

excessive force claims against Defendants Quigley, Copeland, and Murray. (Doc. No. 8). This Court required Plaintiff to address why his claims as to Defendant Huneycutt and Guinn should not be dismissed for failure to exhaust. (Id.). Plaintiff then requested leave to file an amended Complaint, which was granted. (Doc. Nos. 9; 11). This Court again expressed that it appeared Plaintiff had not adequately exhausted his claims as to Defendants Huneycutt and Guinn, but allowed the action to continue. (Doc. No. 11). On November 2, 2015, the Court entered an order granting summary judgment to Defendant Huneycutt and granting Defendant Guinn's motion to dismiss for failure to state a claim. (Doc. No. 57).

On November 6, 2015, the Court entered a scheduling order, setting the deadline for discovery as March 2, 2016. (Doc. No. 60). The discovery period has ended. Plaintiff filed the pending motion to compel discovery on January 11, 2016. (Doc. No. 61). Defendants filed a response in opposition to the motion to compel on February 8, 2016, and Plaintiff filed a reply on February 24, 2016. (Doc. Nos. 70; 73).

In their response to the motion to compel, Defendants note that they have engaged in discovery with Plaintiff, including answering Interrogatories and Requests for Production of Documents. Defendants note that the remaining discovery requests at issue are three requests for production from Plaintiff's First Request for Production to these Defendants, specifically Numbers 2, 7, and 17. See (Doc. No. 62). For the reasons stated in Defendants' brief and in this Order, the motion to compel will be denied.

First, Request No. 2 asks for the names of all inmates receiving care in medical for the entire day on the day of the alleged excessive force. See (Doc. No. 63-2, No. 7). As Defendants note, this is not an actual document request, as it does not appear calculated to receive any actual

2

documents. In any event, Defendants note that the requested prison records are maintained in a classified manner pursuant to statute. See N.C. GEN. STAT. § 148-74 and -76. The North Carolina Court of Appeals has held that such records are confidential and not subject to inspection by the public, the inmate, or those acting on behalf of the inmate. See Goble v. Bounds, 13 N.C. App. 579, 581 (1972). Defendants note, additionally, that providing an incarcerated inmate information regarding other inmates compromises the safety and security of the prison facility. In addition, requesting medical records of another individual violates both state and federal laws, including HIPAA, related to the privacy of medical records. Defendants and their counsel are bound by laws maintaining the privacy of healthcare records. Finally, Defendants note that Plaintiff has simply provided nothing to suggest that such an expansive request is anything more than a fishing expedition. Defendants note that Plaintiff has not once represented that there was, in fact, another inmate who saw the alleged excessive force.

In sum, Plaintiff's motion to compel as to Request No. 2 is denied.

Next, Request No. 7 asks for "any and all grievances, complaints, investigative files or other documents filed by other prisoners claiming they were abused by any of the Defendants." Defendants contend, and the Court agrees, that the sheer expansiveness of this request makes it objectionable as it is not limited in any way by time or type of complaint. Furthermore, such a request is neither relevant nor likely to lead to the discovery of admissible evidence in this case, as Plaintiff's only remaining claim is one of excessive force by the remaining Defendants on one occasion. He has not made a "supervisory liability" claim, nor has he suggested some pattern of abuse against him. Additionally, Plaintiff has been provided any records relating to him, but any records as to other inmates (as noted above) are statutorily confidential.

3

In sum, Plaintiff's motion to compel as to Request No. 7 is denied.

Next, Request No. 17 asks for any disciplinary measures taken against Defendants and the reasoning. Again, this request is simply too broad. Furthermore, such documents are contained in personnel records, which are confidential and, by statute, Plaintiff is not entitled to inspect Defendants' personnel files. See N.C. GEN. STAT. § 126-22 - 24 and § 126-27. Specifically, "personnel file" is defined to include disciplinary actions and an employee's personnel file can be examined or inspected only by "authority" of a proper court order. See N.C. GEN. STAT. § 126-24. Furthermore, the North Carolina General Assembly has deemed it a misdemeanor for any person who permits unauthorized access to any portion of a State employee's personnel file. See N.C. GEN. STAT. § 126-27. Additionally, Defendants' personnel files contain sensitive personal information, which implicates privacy interests that are important given Plaintiff's status as an inmate. See Chambers v. N.C. Dep't of Juvenile Justice & Delinquency Program, No. 1:10cv315, 2013 WL 3776498, at **3-4 (M.D.N.C. July 17, 2013). In any event, Defendants' second supplemental response indicates that they have not been disciplined for any use of force against an inmate. (Doc. No. 70-3 at 4).

In sum, Plaintiff's motion to compel as to Request No. 17 is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel Discovery, (Doc. No. 61), is **DENIED**. Plaintiff's Motion for Extension of Time to File Response/Reply re Motion to Compel, (Doc. No. 72), is **GRANTED** nunc pro tunc.

Signed: May 9, 2016

Frank D. Whitney
Chief United States District Judge