UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-186-FDW

| | |
|---|---|
| DAMON DEMOND STAFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| FNU MURRAY, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery, (Doc. No. 81).

## I. BACKGROUND

Pro se Plaintiff Damon Stafford, a North Carolina prisoner currently incarcerated at Scotland Correctional Institution, filed this action on November 17, 2014, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution based on alleged excessive force and deliberate indifference to serious medical needs while Plaintiff was incarcerated at Alexander Correctional Institution ("Alexander"). The alleged excessive force incident occurred on July 30, 2014. In his Complaint, Plaintiff named as Defendants (1) FNU Murray, identified as a segregation sergeant at Alexander; (2) FNU Copeland, identified as a segregation correctional officer at Alexander; (3) FNU Quigley, identified as a transportation correctional officer at Alexander; (4) FNU Huneycutt, identified as a captain at Alexander; and (5) David Guinn, identified as a nurse practitioner at Alexander.

1

On May 7, 2015, the Court found that the action survived initial review as to Plaintiff's excessive force claims against Defendants Quigley, Copeland, and Murray. (Doc. No. 8). The Court required Plaintiff to address why his deliberate indifference claims as to Defendant Huneycutt and Guinn should not be dismissed for failure to exhaust. (Id.). Plaintiff then requested leave to file an amended complaint, which was granted. (Doc. Nos. 9; 11). The Court again expressed that it appeared that Plaintiff had not adequately exhausted his claims as to Defendants Huneycutt and Guinn, but the Court allowed the action to continue. (Doc. No. 11). On November 2, 2015, the Court entered an order granting summary judgment to Defendant Huneycutt and granting Defendant Guinn's motion to dismiss for failure to state a claim. (Doc. No. 57).

On November 6, 2015, the Court entered a scheduling order, setting the deadline for discovery as March 2, 2016. (Doc. No. 60). The discovery period has ended. Plaintiff filed a previous motion to compel discovery on January 11, 2016, which this Court denied on May 9, 2016. (Doc. No. 80). Furthermore, the parties have been granted until August 30, 2016, to file dispositive motions. (Doc. No. 85).

On May 24, 2016, Plaintiff filed the pending motion to compel, in which he alleges that Defendants' prior counsel had "agreed" to allow Plaintiff to view video footage requested by Plaintiff in his "Second Request for Production" (Requests 1 and 3). That is, although Defendants have allowed Plaintiff to view a surveillance video showing footage of the alleged excessive force incident from July 30, 2014, Plaintiff contends that Defendants have in their possession additional video footage of the incident taken by an officer during the incident on a hand-held video camera. Plaintiff contends that Defendants' prior counsel agreed to allow

Plaintiff to view this footage.[1] Specifically, Plaintiff sought, in his prior requests for production, "camera footage taken inside of cell SC-3, on July 30, 2014, from the hand held video camera when staff responded to the code blue." (Doc. No. 81-3 at 2). Prior counsel for Defendants responded as follows: "Pursuant to this request, Plaintiff will be provided the opportunity to view the video at his current housing facility and following his viewing, an acknowledgement will be provided for his signature." (Id.). Plaintiff argues in his motion to compel that Defendants' current counsel has refused to provide him with footage from the hand-held video camera. (Id.).

On May 31, 2016, Defendants' current counsel amended the prior responses provided to Plaintiff as to his requests for "hand-held video footage," stating that "upon information and belief, there is no handheld video footage taken inside cell SC-3 which can be produced for Plaintiff to view in response to this request. This will be explained further by the affidavit of Asst. Supt. Daren Bruce of Alexander CI which will be filed in response to Plaintiff's Motion to Compel by June 10, 2016. Plaintiff was provided the opportunity to view the surveillance video from the incident date at his current housing facility on April 28, 2016, as demonstrated by the Plaintiff's signed acknowledgement." (Doc. No. 83-1 at 2: Defs. Ex. A).

Defendants provide the affidavit of Daren Bruce in support of Defendants' response to the motion to compel. See (Doc. No. 83-2: Defs. Ex. B, Affidavit of Daren Bruce). Bruce states in his affidavit that he was recently promoted to Superintendent of Wilkes Correctional Center from his prior position as Assistant Superintendent for Custody and Operations of Alexander Correctional Institution. See (Doc. No. 83-2 at ¶ 2). In that position, Bruce had access to "the

---

[1] On April 18, 2016, Kimberly Grande replaced Donna Tanner as counsel of record for Defendants Murray, Copeland, and Quigley. (Doc. No. 76).

surveillance video camera system as well as any video footage from the system which may be maintained by Alexander CI." (Id. at ¶ 4). Bruce states the following in his affidavit:

> The video is from the security camera from the wing where inmate Stafford was housed just prior to this incident on 30 July 2014. The video depicts the original "Code Blue" which was called from inmate Stafford's cell. At the 2:26 mark, there appears to be one officer, standing to the left of the cell, using what appears to be a hand held video camera. The officer, however, stops using the camera at the 2:31:21 mark. The surveillance video runs until 2:48.
> From watching the surveillance video, it appears that the officer used the hand held camera . . . for approximately 5 minutes of the total 22 minutes depicted on the surveillance footage. The surveillance footage captures the events from the start of the code blue until inmate Stafford is taken out of the housing wing.

(Id. at ¶¶ 6; 7). Bruce further attests that he has "personally verified that the hand-held video was not recorded or saved. The surveillance footage was recorded and saved for use in connection with inmate Stafford's disciplinary charges resulting from this incident." (Id. at ¶ 8). Bruce goes on to assert: "Thus, there is no hand-held video footage from 30 July 2014 which is available to be provided to the inmate today pursuant to his requests. The Attorney General's Office has been provided only the surveillance footage from that date involving Plaintiff, as that is the only video footage of the incident in question." (Id. at ¶ 9).

## II. STANDARD OF REVIEW

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. FED. R. CIV. P. 37(a)(3)(B). The party or person resisting discovery, not the party

4

moving to compel discovery, bears the burden of persuasion.  See Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases).

### III. DISCUSSION

The Court will deny Plaintiff's motion to compel.  Defendants have shown, through the submission of Daren Bruce's affidavit, that Plaintiff has been provided with and has viewed the only existing video footage depicting the events of July 30, 2014.  See (Doc. No. 78-1).  Bruce's affidavit, filed in support of Defendants' response, makes unequivocally clear that Defendants are not in possession of any "hand-held" video footage requested by Plaintiff.  That is, according to Bruce's affidavit, to the extent that an officer took video footage of the alleged incident on a hand-held video camera, the footage was neither saved nor recorded.  Furthermore, to the extent that Plaintiff is attempting to present a spoliation argument, this argument is without merit, as he has not shown any evidence that Defendants have destroyed or are wrongfully withholding hand-held video footage of the incident.  See Omogbehin v. Cino, 485 Fed. Appx. 606, 610 (3d Cir. 2012) (finding that the district court did not err in concluding that the plaintiff claiming spoliation failed to demonstrate that the evidence he sought actually existed where the affidavits and declarations indicated that the evidence did not exist and the plaintiff could not produce evidence indicating otherwise).

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel is denied.  Furthermore, Defendants shall not be required to respond to any further discovery requests submitted by Plaintiff in this action, as the discovery period has closed, and the deadline for dispositive motions is approaching.

5

**IT IS, THEREFORE, ORDERED** that

(1) Plaintiff's Motion to Compel Discovery, (Doc. No. 81), is **DENIED**.

Signed: July 22, 2016

Frank D. Whitney
Chief United States District Judge