# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14-cv-186-GCM

| | |
|---|---|
| DAMON DEMOND STAFFORD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU MURRAY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

This matter is before the Court on Plaintiff's Motion to Reopen Discovery and Reestablish New Completion Deadline, (Doc. No. 107). In this civil rights prisoner action originally brought pursuant to 42 U.S.C. § 1983, this Court denied Defendants' summary judgment motion on February 6, 2017, as to Plaintiff's claim for excessive force. (Doc. No. 96). In the Court's order dated February 6, 2017, based on Plaintiff's prior requests for appointment of counsel, the Court stated that it would inquire into appointment of counsel to represent Plaintiff at trial. Attorneys from the law firm of McGuire Woods LLP have since then agreed to provide pro bono representation to Plaintiff in this action. (Doc. No. 97).

Plaintiff has now, through counsel, filed the pending motion to reopen discovery and establish new completion deadline. (Doc. No. 107). Defendants oppose the reopening of discovery. (Doc. No. 109). This Court finds that, for good cause shown, Plaintiff is entitled to the reopening of discovery in order to obtain discovery to prepare for trial in this matter scheduled for January 8, 2018. However, the Court will deny the motion for discovery in part, as stated below.

Plaintiff's Motion to Reopen Discovery and Establish New Completion Deadline, (Doc.

1

No. ), is granted in part and denied in part, and the discovery period shall be reopened for an additional 90 days. Moreover, Plaintiff shall be entitled to no more than 6 depositions, no more than 20 interrogatories, including subparts, and no more than 20 requests for admission. Furthermore, Plaintiff is <u>not</u> entitled to designation and depositions of expert witnesses for the purpose of opining on the ultimate legal conclusion of whether excessive force occurred. Plaintiff <u>is</u> entitled to obtain discovery of Plaintiff's medical records relevant to the alleged injuries following the incident, video footage of the alleged excessive force incident, and photographs of Plaintiff following the incident. Plaintiff <u>is</u> entitled to propound requests for production of documents and tangible things. The Court notes, however, that, in response to Plaintiff's discovery requests, Defendants may, of course, raise the customary objections to discovery proposed by Plaintiff (i.e., that the proposed discovery is overbroad, not relevant, privileged, protected by personnel confidentiality laws, etc.). Finally, counsel for Plaintiff shall be careful not to make requests for discovery that has already been sought and obtained by Plaintiff while he was proceeding pro se.

The Court further modifies the current Scheduling Order, as follows:

(1) All discovery shall be completed within 90 days of this order;

(2) Reports from retained experts under Rule 26(a)(2) shall be due:

From Plaintiff by September 8, 2017, and from Defendants by October 8, 2017.

In sum, Plaintiff's Motion to Reopen Discovery and Reestablish New Completion Deadline, (Doc. No. 107), is **GRANTED** in part and **DENIED** in part, as stated in this Order.

Signed: August 14, 2017

Graham C. Mullen
United States District Judge